UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| JON ROBERT ADAMS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil No. 2:17-CV-00261-GZS |
| ) | |
| LUKE MONAHAN, ) | |
| ) | |
| Defendant. ) | |

DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND CROSS-MOTION FOR SUMMARY JUDGMENT

Pursuant to Federal Rule of Civil Procedure 56(c) and (f) and Local Rules 7(b) and 56(c), Defendant Luke Monahan submits this opposition to Plaintiff Jon Robert Adams's motion for summary judgment and cross-motion for summary judgment in his favor on Adams's complaint.

## FACTS AND PROCEDURAL BACKGROUND

Plaintiff Jon Robert Adams is a prisoner at the Maine Correctional Center in Windham, Maine. (Def. S.M.F. ¶ 1.) Adams alleges that Defendant Luke Monahan, a Unit Manager at the prison, has been denying and depriving Adams of access to the prison's law library.[1] (Def. S.M.F. ¶ 2.) Adams filed a federal civil rights action pursuant to 42 U.S.C. § 1983 against Monahan on July 11, 2017. The Court ordered the complaint to be served on August 28, 2017. On September 11, 2017, before Defendant Monahan even answered the complaint, Adams filed a motion for summary judgment on his claim.

---

[1] This claim and other assertions stating what is alleged in Adams's complaint are cited here and in Defendant's statement of material facts only as to the "fact" that this is what Adams alleges in his complaint. They are not any sort of admission by Defendant.

## STANDARD OF REVIEW

Summary judgment is appropriate when, based on the record before the court, it appears there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). When the moving party bears the burden of proof at trial, the movant must demonstrate every element of his or her claim such that no reasonable trier of fact could find other than for the movant. *Harley-Davidson Credit Corp. v. Galvin*, 807 F.3d 407, 411 (1st Cir. 2015). When the non-moving party bears the burden of proof a trial, the moving party has the initial burden of demonstrating the absence of evidence to support the non-moving party's case in order to obtain summary judgment. *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986). If the moving party makes a sufficient showing, the burden shifts to the non-moving party to produce specific evidence demonstrating a material dispute for trial. *F.D.I.C. v. Anchor Props.*, 13 F.3d 27, 30 (1st Cir. 1994).

The court shall view the record on summary judgment in the light most favorable to the non-moving party. *Euromotion, Inc. v. BMW of N. Am., Inc.*, 136 F.3d 866, 869 (1st Cir. 1998). The existence of cross-motions does not alter the court's review. *Porietis v. Tradesmen Int'l, LLC*, 227 F. Supp. 3d 126, 130 (D. Me. 2017). The court reviews each motion separately. *Id.* (quoting *Roman Catholic Bishop of Springfield v. City of Springfield*, 724 F.3d 78, 89 (1st Cir. 2013)).

A party asserting that there is no genuine dispute of material fact must support its assertion with citation to materials contained in the record. Fed. R. Civ. P. 56(c)(1). District of Maine Local Rule 56 sets forth the procedure by which a party must present its assertions of fact and supporting evidence. A motion for summary judgment must be supported by "a separate, short, and concise statement of material facts, each set forth in a separately numbered paragraph(s), as to which the moving party contends there is no genuine issue of material fact to be tried." D. Me. Local R. Civ. P. 56(b). Each assertion of fact must be supported by record citation. D. Me. Local R. Civ. P. 56(f). Moreover, the cited record materials must be presented in suitable evidentiary form that would be admissible at trial. Fed. R. Civ. P. 56(c)(2); *Triangle Trading Co., Inc. v. Robroy Indus., Inc.*, 200 F.3d

1, 2 (1st Cir. 1999). Conclusory allegations and unsupported speculation are insufficient. *Triangle Trading Co.*, 200 F.3d at 2. "Though summary judgment is difficult to navigate as a *pro se* plaintiff the pleading burden of the federal and local rules of civil procedure apply to represented and unrepresented parties alike." *Carlson v. Rent-A-Ctr., Inc.*, 237 F. Supp. 2d 114, 116 (D. Me. 2003).

**ARGUMENT**

I.  **Adams is not entitled to summary judgment as he has failed to properly cite any record evidence demonstrating an actual injury.**

Adams has moved for summary judgment on his claim that Defendant Monahan has denied him meaningful access to the prison law library. Thus, in order to obtain summary judgment, Adams must cite to record evidence supporting each element of his claim. *See Harley-Davidson Credit Corp.*, 807 F.3d at 411. As an initial matter, Adams has failed comply with Local Rules 56(b) and (f). Adams has failed to submit a separate statement of material facts setting forth the facts as to which he claims there is no genuine dispute with citation supporting record evidence. Accordingly, the court may disregard Adams's unsupported assertions of fact in his motion. D. Me. Local R. Civ. P. 56(f). Moreover, the court has no independent duty to search or consider any part of the record. *Id.*

Even if the court were to consider Adams's verified complaint and attached exhibits, Adams is still not entitled to summary judgment because Adams has failed to assert any facts demonstrating an essential element of his claim. In *Bounds v. Smith*, the United States Supreme Court recognized that prisoners' constitutional right of access to the courts requires prison authorities to provide adequate access to law libraries or assistance from persons trained in the law. 430 U.S. 817, 828 (1977). However, the Court's decision in *Bounds v. Smith* did not create an abstract, freestanding right to access a law library or legal assistance. *Lewis v. Casey*, 518 U.S. 343, 351 (1996). To establish a constitutional violation of the right to access to the courts, a prisoner must "demonstrate that the alleged shortcomings in the library or legal assistance program hindered his efforts to pursue a legal claim." *Id.* A prisoner must establish that his ability to litigate his ancillary legal claim was impeded to such

3

an extent that it impacted the outcome, causing the prisoner "actual injury." *Rollins v. Magnusson*, 542 F. Supp. 2d 114, 116 (D. Me. 2008) (citing *Lewis*, 518 U.S. at 351-53 & nn.3 & 4; *Sowell v. Vose*, 941 F.2d 32, 34 –36 (1st Cir. 1991)).

Adams's verified complaint contains no facts demonstrating that his ability to litigate his underlying legal claim has been impeded to such an extent as to actually impact the outcome of his case. Adams merely asserts that Defendant's alleged conduct "*could* cause Plaintiff's case to be dismissed…" (Compl. ¶ 27) (emphasis supplied). Adams further asserts that "Plaintiff's continued denial *will* cause meritorious claims to fail." (*Id.*) (emphasis supplied). Adams's complaint further reiterates that his case "*could* be dismissed…" (*Id.* ¶ 31) (emphasis supplied). Moreover, Adams contends that his underlying claim is "*currently* under review" by a medical malpractice pre-litigation screening panel. (*Id.* § I (B)) (emphasis supplied); *see* 24 M.R.S.A. § 2851, *et seq.*; Me. R. Civ. P. 80M. Additionally, none of Adams's exhibits to his complaint demonstrate that his ability to litigate his underlying legal claim has been impeded to such an extent as to actually impact the outcome. (*See* Compl. Exs. A-H.)

Thus, even considering Adams's verified complaint, Adams has failed demonstrate an essential element of his claim: that he has suffered an actual injury. Adams' claims of injury are based on pure speculation regarding future outcomes of his underlying suit and not based on any personal knowledge of actual facts. Thus, they cannot support a motion for summary judgment. *See Sheinkopf v. Stone*, 927 F.2d 1259, 1262 (1st Cir. 1991) (on summary judgment, a verified complaint is the functional equivalent of an affidavit); Fed. R. Civ. P. 56(c)(4) ("An affidavit or declaration used to support or oppose a motion must be made on personal knowledge,…"). Accordingly, Adams's motion for summary judgment in his favor must be denied.

4

## II. Defendant is entitled to summary judgment in his favor.

Defendant Luke Monahan is entitled to summary judgment in his favor because Adams has failed to exhaust his administrative remedies as required under the Prison Litigation Reform Act of 1995 ("PLRA").

The PLRA provides, "No action shall be brought with respect to prison conditions under section 1983 of this title, until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The United States Supreme Court has held the language of the PLRA is mandatory. *Ross v. Blake*, __ U.S. __, 136 S. Ct. 1850, 1856 (2016). The PLRA's exhaustion requirement applies to all prisoner suits regarding prison life, regardless of whether they involve general circumstances or specific events. *Porter v. Nussle*, 534 U.S. 516, 532 (2002). The exhaustion requirement also applies even if the remedy sought is not available in the administrative process. *Id.* at 524. Moreover, exhaustion must be "proper", meaning the prisoner must complete all steps of the administrative review in accordance with the procedural rules, including all deadlines and other critical procedures. *Woodford v. Ngo*, 548 U.S. 81, 88-93 (2006). Thus, a prisoner must file all grievances and complete all administrative appeals as required by the procedural rules. *Acosta v. U.S. Marshals Service*., 445 F.3d 509, 512 (1st Cir. 2006).

Here, the Maine Department of Corrections has adopted a general grievance policy, Policy 29.1, *Prisoner Grievance Process, General* (the "Grievance Policy"), which, except as stated in the policy itself, covers all prisoner grievances. (Def. S.M.F. ¶¶ 3-4.) As stated in the Grievance Policy, a prisoner may file a grievance with the Grievance Review Officer for administrative review of any policy, procedure, practice, condition of confinement, action, decision, or event that directly affects the prisoner, that the prisoner believes is in violation of his or her rights or is in violation of Department policies or procedures, and for which the prisoner believes a Department employee

5

or contractor is responsible. (*Id.* ¶ 5.) Thus, Adams's claim that Defendant Monahan has denied him access to the law library is covered by the Grievance Policy.

Pursuant to the Grievance Policy, a prisoner must first make an attempt at an informal resolution with the designated supervisor before filing a grievance. (*Id.* ¶ 6.) If the prisoner's complaint is not resolved informally, the prisoner must file the grievance form with the facility's Grievance Review Officer. (*Id.* ¶ 7.) The final level of grievance process is an appeal to the Commissioner of the Department of Corrections. (*Id.* ¶ 8.)

Attached to Adams's complaint as Exhibit G is a document that Adams asserts is an administrative grievance form submitted to Defendant's supervisor, Unit Two Manager Penny Bailey. (Def. S.M.F. ¶ 9.) Plaintiff contends that the attached grievance review form was returned from Bailey and marked unresolvable. (Compl. ¶ 36.) However, this was only first step of the grievance review process. According to Grievance Review Officer Dennis Shipman, Exhibit G appears to be a grievance review form that was submitted to Penny Bailey in an attempt at informal resolution. (Def. S.M.F. ¶ 10.) Adams never filed Exhibit G or any other grievances regarding the law library with the Grievance Review Officer. (*Id.* ¶¶ 11-12.) Moreover, Adams never completed the grievance process by filing appeal to the Commissioner. (*Id.* ¶ 13.) Therefore, Adams has failed to properly exhaust all available administrative remedies before initiating this action. Because Adams has failed to comply with the PLRA's exhaustion requirement, Defendant Luke Monahan is entitled to summary judgment is his favor on Adams complaint.

## CONCLUSION

Based on the foregoing, Defendant Luke Monahan respectfully requests that Plaintiff Jon Robert Adams's motion for summary judgment on his complaint be denied. Defendant Luke Monahan respectfully requests that his cross-motion for summary judgment on plaintiff's complaint be granted.

Dated: September 28, 2017         /s/ Jason J. Theobald
                                  Jason J. Theobald, Esq.
                                  Assistant Attorney General
                                  Attorney for Defendant

                                  Office of the Attorney General
                                  Six State House Station
                                  Augusta, ME 04333-0006
                                  (207) 626-8800

## CERTIFICATE OF SERVICE

I hereby certify that, on this date, I caused one copy of this filing to be served upon Jon Robert Adams, Maine Correctional Center, 17 Mallison Falls Rd., Windham, Maine 04062, by having the same deposited in the United States Mail, postage prepaid.

Dated: September 28, 2017         /s/ Jason J. Theobald
                                  Jason J. Theobald, AAG