UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| JON ROBERT ADAMS, | ) | |
|---|---|---|
| Plaintiff | ) | |
| | ) | 2:17-cv-00261-GZS |
| v. | ) | |
| | ) | |
| LUKE MONAHAN, | ) | |
| | ) | |
| Defendant | ) | |

**ORDER GRANTING PLAINTIFF'S MOTION TO AMEND AND RECOMMENDED DECISION AFTER SCREENING AMENDED COMPLAINT**

In this action, Plaintiff Jon Robert Adams, an inmate in the custody of the Department of Corrections, alleges that Defendant Luke Monahan has denied him access to the courts.[1] The matter is before the Court on Plaintiff's motion to amend, through which motion Plaintiff seeks to join Deputy Warden Susan Carr as a party defendant. (ECF No. 21.)

Because Defendant has not yet filed a response to the complaint, Plaintiff is entitled to amend his complaint once as a matter of course. Fed. R. Civ. P. 15(a)(1)(B).[2] Accordingly, Plaintiff's motion to amend is granted.

Plaintiff also filed an application to proceed in forma pauperis (ECF No. 3), which application the Court granted (ECF No. 7). In accordance with the in forma pauperis

---

[1] The Maine Attorney General's Office has accepted service on behalf of Defendant Monahan (ECF No. 15), and in response, filed a motion for summary judgment. (ECF No. 18.)

[2] A party can amend a pleading once as a matter of course 21 days after the service of a responsive pleading. Fed. R. Civ. P. 15(a)(1)(B). Plaintiff filed the motion to amend before Defendant filed a motion for summary judgment in response to the complaint.

1

statute, a preliminary review of Plaintiff's amended complaint is appropriate. 28 U.S.C. § 1915(e)(2). Additionally, Plaintiff's amended complaint is subject to screening "before docketing, if feasible or … as soon as practicable after docketing," because he is "a prisoner seek[ing] redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a).

Following a review of the amended complaint, I recommend the Court dismiss Plaintiff's personal capacity claim against Deputy Warden Carr.

### STANDARD OF REVIEW

The federal in forma pauperis statute, 28 U.S.C. § 1915, is designed to ensure meaningful access to the federal courts for those persons unable to pay the costs of bringing an action. When a party is proceeding in forma pauperis, however, "the court shall dismiss the case at any time if the court determines," inter alia, that the action is "frivolous or malicious" or "fails to state a claim on which relief may be granted" or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). "Dismissals [under § 1915] are often made sua sponte prior to the issuance of process, so as to spare prospective defendants the inconvenience and expense of answering such complaints." *Neitzke v. Williams*, 490 U.S. 319, 324 (1989).

In addition to the review contemplated by § 1915, Plaintiff's amended complaint is subject to screening under the Prison Litigation Reform Act because Plaintiff currently is incarcerated and seeks redress from governmental entities and officers. *See* 28 U.S.C. § 1915A(a), (c). The § 1915A screening requires courts to "identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint (1) is frivolous,

2

malicious, or fails to state a claim …; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

When considering whether a complaint states a claim for which relief may be granted, courts must assume the truth of all well-plead facts and give the plaintiff the benefit of all reasonable inferences therefrom. *Ocasio-Hernandez v. Fortuno-Burset*, 640 F.3d 1, 12 (1st Cir. 2011). A complaint fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007).

Although a pro se plaintiff's complaint is subject to "less stringent standards than formal pleadings drafted by lawyers," *Haines v. Kerner*, 404 U.S. 519, 520 (1972), this is "not to say that pro se plaintiffs are not required to plead basic facts sufficient to state a claim," *Ferranti v. Moran*, 618 F.2d 888, 890 (1st Cir. 1980). To allege a civil action in federal court, it is not enough for a plaintiff merely to allege that a defendant acted unlawfully; a plaintiff must affirmatively allege facts that identify the manner by which the defendant subjected the plaintiff to a harm for which the law affords a remedy. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

**FACTUAL BACKGROUND**

Plaintiff alleges that Defendant Monahan, the unit manager for Plaintiff's cell block, has denied Plaintiff meaningful access to the law library, and that the denial of access has interfered with his ability to conduct litigation in which he is involved in state court. According to Plaintiff, he receives one hour per week in the library and Defendant

3

Monahan has denied his request for additional time unless and until Plaintiff informs Defendant Monahan that he has a court deadline to meet.

Plaintiff unsuccessfully grieved the matter with Defendant Monahan in June 2017. (ECF No. 1-7.) On September 1, 2017, Plaintiff received a further grievance response from Warden Scott Landry. Warden Landry advised Plaintiff to address the matter with Deputy Warden Carr, Defendant Monahan's supervisor. (Amended Complaint ¶ 43.)

On September 1, 2017, Plaintiff filed a supplemental grievance with Deputy Warden Carr. (Amended Complaint ¶ 39.) Plaintiff alleges that he "never received a response" and that his "grievance went unanswered and ignored." (*Id.* ¶ 41.) The Court received the motion to amend and the proposed amended complaint on September 15, 2017, approximately two weeks after Plaintiff filed his grievance appeal.

## DISCUSSION

Under the federal civil rights act, 42 U.S.C. § 1983, a supervisory official may be liable for the behavior of a subordinate if (1) the behavior of the subordinate results in a constitutional violation, and (2) the supervisory official's action or inaction was affirmatively linked to the behavior. *Estate of Bennett v. Wainwright*, 548 F.3d 155, 176 – 77 (1st Cir. 2008). An affirmative link can be shown through supervisory encouragement, condonation or acquiescence, or by gross negligence amounting to deliberate indifference. *Id.* The applicable standard "contemplates proof that the supervisor's conduct led inexorably to the constitutional violation." *Pineda v. Toomey*, 533 F.3d 50, 54 (1st Cir. 2008) (quoting *Hegarty v. Somerset Cnty.*, 53 F.3d 1367, 1380 (1st Cir. 1995)).

A plaintiff thus must plead "that each Government–official defendant, through his own individual actions, has violated the Constitution." *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009). "Public officials may be held liable under § 1983 for a constitutional violation only if a plaintiff can establish that his or her constitutional injury 'resulted from the direct acts or omissions of the official, or from indirect conduct that amounts to condonation or tacit authorization.'" *Ocasio–Hernandez v. Fortuno–Burset*, 640 F.3d 1, 16 (1st Cir. 2011) (quoting *Rodríguez–García v. Miranda–Marín*, 610 F.3d 756, 768 (1st Cir. 2010)). "Because precise knowledge of the chain of events leading to the constitutional violation may often be unavailable to a plaintiff at [the pleading] stage of the litigation," *id*., courts often must turn to "judicial experience and common sense," *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009), to make "a contextual judgment about the sufficiency of the pleadings," *Sanchez v. Pereira–Castillo*, 590 F.3d 31, 48 (1st Cir. 2009). *See also Colon v. Coughlin*, 58 F.3d 865, 873 (2d Cir. 1995) ("The personal involvement of a supervisory defendant may be shown by evidence that: … the defendant, after being informed of the violation through a report or appeal, failed to remedy the wrong …."). Under the applicable law, therefore, a supervisory prison official is not liable for an act that violates a prisoner's federal rights unless the official participates in the act.

Although Plaintiff has alleged he filed a grievance with Deputy Warden Carr, Plaintiff has not alleged any facts upon which a fact finder could conclude that Deputy Warden Carr denied Plaintiff access to the courts. A plaintiff must "provide administrators with a fair opportunity under the circumstances to address the problem that will later form the basis of the suit." *Johnson v. Johnson*, 385 F.3d 503, 522 (5th Cir. 2004). Here Plaintiff

filed the complaint a mere two weeks after he alleges he notified Deputy Warden Carr of the alleged denial of access. Under any objective measure, as alleged, Plaintiff did not afford Deputy Warden Carr a fair opportunity to address the issue.[3]

While Plaintiff has not asserted an actionable claim against Deputy Warden Carr in her personal capacity, he has alleged sufficient facts to assert a claim against Deputy Warden Carr in her official capacity. That is, Plaintiff's allegations suggest that Deputy Warden Car is an official with the authority to provide any injunctive relief this Court might order if Plaintiff were to prevail on his claim. Deputy Warden Carr thus is an appropriate defendant even though Plaintiff has not asserted an actionable claim against her in her personal capacity. *Colwell v. Bannister*, 763 F.3d 1060, 1070 (9th Cir. 2014);[4]

---

[3] Federal law also requires a prisoner to exhaust the available administrative remedies before initiating a lawsuit based on 42 U.S.C. § 1983. Specifically, the Prison Litigation Reform Act (PLRA) provides: "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a); *see also Jones v. Bock*, 549 U.S. 199, 211 (2007) ("There is no question that exhaustion is mandatory under the PLRA and that unexhausted claims cannot be brought in court."). "[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002). Because under the PLRA exhaustion is a precondition to filing suit, a plaintiff cannot proceed on a claim regarding prison conditions if the plaintiff initiates the lawsuit before the plaintiff has exhausted the available administrative remedies. *Perez v. Wisconsin Dep't of Corr.*, 182 F.3d 532, 534 (7th Cir. 1999); *see also Ruppert v. Aragon*, 448 F. App'x. 862, 863 (10th Cir. 2012) ("Since the PLRA makes exhaustion a precondition to filing a suit, an action brought before administrative remedies are exhausted must be dismissed without regard to concern for judicial efficiency."). A review of Plaintiff's filings suggests that this action is susceptible to dismissal for failure to exhaust administrative remedies. Failure to exhaust is an affirmative defense, *Jones*, 549 U.S. 212, and affirmative defenses may be waived. The Court cannot determine based solely on the amended complaint whether the defense precludes Plaintiff's claim.

[4] In *Colwell*, the Ninth Circuit wrote:

> We have held that a corrections department secretary and prison warden were proper defendants in a § 1983 case because "[a] plaintiff seeking injunctive relief against the State is not required to allege a named official's personal involvement in the acts or omissions constituting the alleged constitutional violation. Rather, a plaintiff need only identify the

6

*Howery v. Harrington*, No. 14-cv-01134, 2015 WL 4399480, at *3, 2015 U.S. Dist. Lexis 93205, at *8 (S.D. Ill. July 17, 2015).[5]

## CONCLUSION

Based on the foregoing analysis, pursuant to 28 U.S.C. § 1915(e)(2) and 29 U.S.C. § 1915A(a), I recommend the Court dismiss Plaintiff's personal capacity claim against Deputy Warden Carr, but permit Plaintiff to proceed on his claim against Deputy Warden Carr in her official capacity.

## NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof.

Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 29th day of September, 2017.

---

law or policy challenged as a constitutional violation and name the official within the entity who can appropriately respond to injunctive relief."

763 F.3d at 1070 (quoting *Hartmann v. Cal. Dep't of Corr. & Rehab.*, 707 F.3d 1114, 1127 (9th Cir. 2013)).

[5] In *Howery*, the court observed that, "because Plaintiff is seeking injunctive relief, it is appropriate for the Warden of Menard to remain as a Defendant in the action, in his/her official capacity only." 2015 WL 4399480, at *3, 2015 U.S. Dist. Lexis 93205, at *8 (citing *Gonzalez v. Feinerman*, 663 F.3d 311, 315 (7th Cir. 2011) (proper defendant in a claim for injunctive relief is the government official responsible for ensuring any injunctive relief is carried out)).